UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 26-06948-MWF (E)**                    **Date:  July 17, 2026**

Title:    Aram Vardanyan v. Warden Facility Administrator Adelanto ICE Processing
Center, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**         ORDER GRANTING IN PART EX PARTE
APPLICATION FOR TEMPORARY
RESTRAINING ORDER [12]

Before the Court is Petitioner Aram Vardanyan's Ex Parte Application for
Temporary Restraining Order ("TRO") filed on July 16, 2026.  (Docket No. 12 (the
"Application")).  Respondents filed an Opposition to the Application on July 17, 2026.
(Docket No. 15).

The Application is **GRANTED** *in part*.  The Court has jurisdiction to enjoin
Respondents from transferring Petitioner outside of the Central District while the Court
adjudicates his due process claims in his pending Petition.

I.    **BACKGROUND**

Petitioner is a native and citizen of Armenia who entered the United States in
2021.  (Petition (Docket No. 1) at 5).  In June 2026, Petitioner was arrested at a regular
ICE check-in.  (*Id.* at 6).  Petitioner remains detained at Adelanto ICE Processing
Center.  (*Id.*).

Petitioner filed a habeas petition under 28 U.S.C. § 2241 on June 25, 2026.  (*See*
Petition).  Petitioner acknowledges that he has a final removal order and that an
immigration judge denied his motion to reopen.  (*See id.* at 2).  Nevertheless, Petitioner

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-06948-MWF (E)**                    **Date:  July 17, 2026**
Title:        Aram Vardanyan v. Warden Facility Administrator Adelanto ICE Processing Center, et al.

challenges the legality of his present detention primarily on due process grounds.  (*See generally id.*).

Respondents filed an Answer to the Petition on July 6, 2026, contending that this Court does not have jurisdiction to delay or block Petitioner's removal.  (Docket No. 6).  Petitioner filed a Reply on July 8, 2026, clarifying that he does not seek review or a stay of the removal order but instead challenges the legality of his present physical detention.  (Docket No. 7).

On July 10, 2026, the Magistrate Judge ordered Respondents to file a Supplemental Answer identifying the basis for Petitioner's arrest and present detention and producing the records necessary for meaningful judicial review.  (Docket No. 8).  Respondents filed a Supplemental Answer on July 13, 2026, asserting that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231.  (Docket No. 9).  Petitioner filed a Supplemental Reply on July 15, 2026.  (Docket No. 10).  In the supplemental briefing, the parties dispute whether Petitioner is subject to mandatory or discretionary detention and whether Respondents complied with statutory, regulatory, and constitutional requirements governing his continued confinement.

On July 15, 2026, Respondents filed a Notice of Intended Removal (the "Notice").  (Docket No. 11).  In the Notice, Respondents state that Petitioner is scheduled to be transferred out of Adelanto on July 18, 2026, and to be removed from the United States on July 26, 2026.  (*See id.*).  Petitioner thereafter filed the present Application.

## II.    **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-06948-MWF (E)**                    **Date:  July 17, 2026**

Title:        Aram Vardanyan v. Warden Facility Administrator Adelanto ICE Processing Center, et al.

grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.   **DISCUSSION**

Petitioner seeks an order seeking, among other things, to enjoin Respondents from transferring Petitioner outside of the Central District of California while the Court adjudicates his pending Petition.  (*See generally* Application).

Respondents contend that the Court lacks jurisdiction to issue such an order (*see generally* Opp.), but a "[f]ederal court[] retain[s] jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court."  *Doe v. Bondi*, No. CV  25-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025); *Zheng v. Noem*, No. EDCV 26-0675-JGB (RAOx), 2026 WL 431141, at *1 (C.D. Cal. Feb. 13, 2026) (citing the All Writs Act and enjoining the petitioner's removal from the United States to preserve the court's jurisdiction pending a decision on the petition); *see also Ozturk v. Trump*, 779 F. Supp. 3d 462, 495 (D. Vt.) (ordering petitioner's return to the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-06948-MWF (E)**                    **Date:  July 17, 2026**

Title:        Aram Vardanyan v. Warden Facility Administrator Adelanto ICE Processing
Center, et al.

adjudicating her habeas petition pursuant to the All Writs Act and the court's inherent
equitable authority), *amended sub nom. Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025).

Here, Petitioner challenges the legality of his detention, and the parties recently
filed supplemental briefing concerning the legal and factual basis for his detention.
(*See generally* Supplemental Answer; Supplemental Reply).  Petitioner's due process
claims remain live and unresolved.  The limited relief granted here merely preserves
the status quo for the brief period necessary for the Court to adjudicate claims that are
properly within its habeas jurisdiction.

Accordingly, the Application is **GRANTED** *in part*.  The Court **ORDERS** that
Respondents are **ENJOINED** from moving Petitioner to a location outside of the
jurisdictional boundaries of the United States District Court for the Central District of
California during the pendency of this action.  This Order takes effect immediately and
shall remain in effect until the earliest of: (a) the Court's disposition of the Petition; (b)
further order of the Court; or (c) fourteen days after entry of this Order.

A separate TRO shall issue.

As the parties are aware, this case has been referred to Magistrate Judge Charles
F. Eick.  (Docket No. 3).  Pursuant to General Order Nos. 05-07 and 26-05, further
proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Eick
for decision.

IT IS SO ORDERED.

cc:    Magistrate Judge Eick