UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARAM VARDANYAN,

Petitioner

v.

WARDEN FACILITY ADMINISTRATOR, Adelanto ICE Processing Center, et al.,

Respondents.

Case No. CV 26-6948-MWF (E)

**ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Answer and Supplemental Answer (Docket Nos. 6, 9), Petitioner's Replies to the Answers (Docket Nos. 7, 10), the Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 19), Respondents' Objections to the Report ("Objections"; Docket No. 20), Petitioner's Response to the Objections ("Response"; Docket No. 21), Respondents' Notice of Supplemental Authority ("Supplemental Authority"; Docket No. 24), Petitioners' Response to the Supplemental Authority (Docket No. 25), Petitioner's Notice of Completed Briefing and Request for Prompt Disposition of the Report ("Prompt Disposition Request"; Docket No. 26), and the other relevant records on file.

///

Although Petitioner did not separately object, in his Response he requests a factual correction of the Report, likely due to a typographical error, of the date he entered the United States from 20**01** to 20**21**. (Docket No. 21 at 5, 9). The Court sustains that correction to the Report. (Docket No. 19 at 1; *see* Docket 1 at 2; Docket No. 9-1 at 1-2, 5). Additionally, the parties agree that the Report's precise administrative characterization of Petitioner's pre-detention community release may not be entirely accurate. (*See* Docket No. 20 at 2; Docket No. 21 at 5-6, 9). However, regardless of that precise administrative release status, Respondents make no objection to the Report's conclusion that Petitioner did not receive a prompt opportunity to be heard on his detention, and that his due process rights were violated as a result. (Docket No. 19 at 2-4; Docket No. 20; Docket No. 21 at 5-6). Accordingly, any error in the characterization of Petitioner's administrative status before detention does not disrupt the Report's conclusion that Petitioner's due process rights were violated.

Finally, to the extent Respondents' Supplemental Authority, filed September 3, 2026, is properly before the Court at this late juncture, it does not warrant any change to the Report. (*See* Docket No. 18 (indicating that Objections were due August 10, 2026, and any response was due within 14 days after being served with a copy of the Objections). The Court agrees with Petitioner that the "authority"—a minute order it issued in *Chung v. Semaia*, No. EDCV 26-3646-MWF (ACCV)—is different from the instant case. (Docket No. 25 at 3). Most notably, Chung received notice and an informal interview. *See Chung*, No. EDCV 26-3646, Docket No. 21 at 4. Here, the Report found that Petitioner was not afforded a contemporaneous explanation of the reasons for returning him to custody and, as noted, he was not provided a prompt opportunity to respond. (Docket No. 19 at 2-4). Additionally, the Report in *Chung* concluded that removal was not significantly likely in the foreseeable future, but after the Report was issued Respondents produced evidence that they had obtained travel documents and scheduled removal. *See Chung*, No.

EDCV 26-3646 at Docket No. 21 at 1-2. Due to the changed circumstances, Chung could no longer show there wasn't a significant likelihood of removal, and thus this Court concluded emergency relief was not warranted and denied his application for a temporary restraining order. *Id*. at 3-5. Here, again as noted, the Report did not recommend release because removal was unforeseeable, but rather because of the due process shortcomings related to his detention. (Docket No. 19 at 2-4). And its consideration of Petitioner's imminent removal was limited to the context of narrowly tailoring habeas relief by possibly justifying more stringent release conditions, not as a basis for it. (*Id*. at 6). Accordingly, the minute order in *Chung* denying a temporary restraining order is materially and procedurally different from the habeas disposition here. As such, it has no bearing on the Report's conclusion.

Finally, Petitioner's Prompt Disposition Request, filed September 15, 2026, generally repeats his allegations concerning his mental health that the Court already considered when it denied his first request for such relief. (*Compare* Docket No. 23 *with* Docket No. 26 at 2). In light of this Order's disposition of this case, Petitioner's second request for prompt resolution is **DENIED** as moot. (Docket No. 26).

**IT IS THEREFORE ORDERED** that:

(1) the Objections are **OVERRULED**, except as to factual correction of Petitioner's entry year and his pre-detention administrative status, as discussed above;

(2) the Report is **ACCEPTED,** except as to factual correction of Petitioner's entry year and his pre-detention administrative status, as discussed above;

(3) the Petition is **GRANTED** in part and Respondents are **ORDERED** to release Petitioner (A# 220-759-178) from detention immediately, on reasonable conditions;

(4) Petitioner's second Prompt Disposition Request is **DENIED** as moot;

(5) judgment is to be **ENTERED** accordingly; and

(6) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: September 17, 2026

MICHAEL W. FITZGERALD
United States District Judge